IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shannon Jayne<br>6 Bud Court<br>Toms River, New Jersey 08753<br>　　　　　　　　　*Plaintiff,*<br>vs.<br><br>Cooper Lake Farms, Inc.<br>d/b/a Cooper's Lake Campground<br>205 Currie Road<br>Slippery Rock, Pennsylvania 16057<br>　　　　　　　　　*Defendant* | Civil Docket No.: 2:05- MC- 2025<br><br>Attorney I.D. #76678 |

**CIVIL ACTION - COMPLAINT**
**<u>JURY DEMANDED</u>**

　　　Plaintiff, Shannon Jayne, by and through her attorneys, Stark & Stark, P.C., hereby files this Complaint against the above named Defendant and avers as follows:

　　　1.　　Plaintiff, Shannon Jayne, is an adult individual and citizen of the State of New Jersey, who reside therein at 6 Bud Court, Toms River, New Jersey.

　　　2.　　Defendant Cooper Lake Farms, Inc., is a Pennsylvania Corporation duly authorized to do business in the Commonwealth of Pennsylvania, doing business as Cooper's Lake Campground with a principal place of business located at 205 Currie Road, Slippery Rock, Butler County, Pennsylvania.

　　　3.　　At all times material to plaintiff's cause of action, defendant Cooper Lake Farms, Inc. was the owner, operator, possessor, maintainer and/or in control of the Cooper's Lake Campgrounds located at 205 Currie Road, Butler County, Pennsylvania.

**Jurisdiction and Venue**

　　　4.　　Jurisdiction is invoked pursuant to 29 U.S.C. § 1332, based upon diversity of

citizenship, and the matter in controversy does exceed, exclusive of interest and costs, the sum of $150,000.00 (one hundred fifty thousand dollars).

5. Venue is proper within the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391, since the site of the underlying negligence occurred in Butler County, Pennsylvania, which is located in the Western District.

6. All of the acts alleged to have been done or not to have been done by the defendant were done or not done by the defendant, its agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said defendant.

7. On or about August 6, 2008, at approximately 2:00 A.M., plaintiff Shannon Jayne was a business invitee of defendant's campground. While exercising due care and caution for her own safety, plaintiff was exiting the bathroom when suddenly and without warning, she was caused to slip, trip, stumble and fall by reason of a substance on the deck causing a slippery condition. As a result of the aforesaid, plaintiff sustained serious, painful and permanent personal injuries as more particularly hereinafter set forth.

8. Defendant failed to warn plaintiff of the dangerous conditions referred to above.

9. The negligence and carelessness of the defendant, its agents, servants, workmen and/or employees, consisted of the following:

    a) failure to use ordinary care and diligence to keep and maintain the said area in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it unsafe for plaintiff, or present an unreasonable risk of harm to her in her lawful use of same;

    b) failure to exercise reasonable care to protect plaintiff, by inspection

and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the said deck;

  c) allowing the area to become and remain in a dangerous and defective condition;

  d) failure to have sufficient personnel and equipment to properly inspect and maintain the aforesaid deck in a condition reasonably safe for plaintiff and free from defects and conditions rendering it unsafe;

  e) failure to keep and maintain the said deck in a reasonable and safe condition for its intended uses and free from all defects and conditions which would render it unsafe for plaintiff or present an unreasonable risk;

  f) failure to exercise reasonable care to protect plaintiff by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the deck;

  g) failure to remove a slippery substance and/or vegitation from the deck;

  h) failure to provide proper warning signs for the subject area;

  i) failure to warn of the dangerous conditions;

  j) failing to provide roofing over the deck so that it would not become wet when it rained; and

  k) failing to provide mats.

10. The restroom (Brown Barn) that Plaintiff was using was remolded in 1971. The deck which Plaintiff slipped on was added in 1980 or 1985.

11. During the last 25 to 30 years, Defendant has never done any maintenance or upgrading to this deck.

12. Defendant has never even stained the deck.

13. Defendant does not even inspect the deck at the start of the season.

14. Defendant may power wash the deck once a year. There is no set time to do this and no paperwork is completed. As Defendant's President David Cooper testified: "It's one of those projects that gets done when time permits."

15. David Cooper admitted that the deck is more slippery when it rains.

16. That night there was a torrential downpour for hours before Plaintiff slipped. It had only stopped raining for ten to fifteen minutes before Plaintiff was hurt.

17. Even though Defendant knew that the deck was slippery after a rain, Defendant refused to place caution wet floor signs on the deck.

18. David Cooper admitted that if there was a roof over the deck, that it would be safer.

19. When Mr. Cooper was asked if placing outdoor mats outside the bathroom would be wise, he responded that he would not do such a thing because it would not be "cost effective."

20. The conduct of the Defendant, as set forth in detail hereinabove, was outrageous, done in a willful, wanton and malicious fashion, and with conscious indifference and/or reckless disregard for the rights of Plaintiff.

21. Defendant's outrageous, malicious and intolerable conduct was so egregious as to be beyond the bounds of decency in a civilized society and as such, warrants the imposition of punitive damages.

22. Plaintiff's fall and resultant injuries were caused by the aforesaid acts of negligence on the part of defendant who failed to utilize reasonable care in the maintenance of said deck particularly in the presence of the slippery surface.

23. As a result of the aforesaid, plaintiff sustained injuries to her head, neck, back, body and limbs, their bones, cells, nerves, tissues, muscles and functions, including but not limited

to a comminuted fractures of the distal tibia and fibula shafts, together with a severe shock to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

24. As a result of the accident aforesaid, the plaintiff has undergone great physical pain and mental anguish and she may continue to endure the same for an indefinite time in the future to her great detriment and loss.

25. As a further result of the accident aforesaid, plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of her injuries, and she may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss.

26. As a result of the accident aforesaid, plaintiff has been unable to attend to her usual and daily duties and occupation and she may be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

27. As a further result of the aforesaid, plaintiff has suffered a loss and depreciation of her earnings and earning power, and she may continue to suffer same for an indefinite time in the future, to her great detriment and loss.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages in excess of $150,000.00 at this time, punitive damages, lawful interest, costs, delay damages, and other such relief as this Court deems just and proper.

STARK & STARK, P.C.

By: _____
R. TYLER TOMLINSON, ESQUIRE
Attorney for the Plaintiff
Post Office Box 1500
Newtown, Pennsylvania 18940
267-907-9600
Attorney I.D. #76678